UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

___ FILED  ___ ENTERED
___ LOGGED ___ RECEIVED

AUG 27 2009

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

DONNA L. WHITAKER

Plaintiff,

V.

I.C. SYSTEM INCORPORATED

Defendant.

CIVIL ACTION NO.

WDQ 09CV2259

AUGUST 25, 2009

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Donna L. Whitaker, as an individual consumer, against Defendant I.C. System Incorporated hereinafter ("IC System") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Donna L. Whitaker is a natural person residing in the Town of Laurel, County of Anne Arundel, and State of Maryland.

4. Defendant, IC System is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 444 EAST HIGHWAY 96, P.O. BOX 64444, ST. PAUL, MN 55164-0444 and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff received an initial demand letter from date May 16, 2009.

7. Plaintiff contacted the Defendant by telephone on June 25, 2009.

8. Plaintiff spoke to Defendant's employee who identified herself as Dawn.

9. Defendant's employee Dawn stated that Plaintiff Whitaker could not verbally dispute a debt and she would need to send something in writing.

10. Plaintiff read IC System's initial demand letter, which indicated **no** written requirement. § 1692g (a) (3) "That unless the consumer, within thirty days after receipt

of the notice, disputes the validity of the debt . . . the debt will be assumed to be valid by the debt collector

11. Plaintiff stated the purpose for her call was to inform IC System's that they should no longer assume the debt is valid and that she disputes the debt.

12. Defendant stated that they never accept oral disputes and that if she wanted to dispute this debt, she should have contacted the original creditor (Sprint).

13. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e.

14. Based on information and belief, IC System's did not report Plaintiff's dispute to the credit bureaus as required by §1692e (8).

15. Based on information and belief, Defendant continued to report the debt without note of Plaintiff's dispute.

16. Plaintiff asked the defendant to itemize the debt they were attempting to collect.

17. Defendant advised the Plaintiff when the debt first entered their office, it was $721.05 and then Sprint submitted a cancellation fee of $233.79 in May.

18. Defendant attempted to collect two (2) different amounts of debt and stated in writing the balance was $1,092.09 and then on multiple occasions attempted to collect $954.84 representing the itemized balance owed on the debt.

19. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

20. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

21. Defendant violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

22. As a result of the foregoing violations of the FDCPA, Defendant TRS is liable to the Plaintiff for declaratory judgment that TRS's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com